UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.:

Elvin R. Andino,
Ervin I. Cruz,
and other similarly situated individuals,

      Plaintiffs,

v.

Homeware Design, LLC,
Alejandro Fortner,
and Juan Pablo Rincon, individually

      Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C. § 216(b))

    COME NOW Plaintiffs Elvin R. Andino, Ervin I. Cruz, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Homeware Design, LLC, Alejandro Fortner, and Juan Pablo Rincon, individually, and allege:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover monetary damages for unpaid regular and overtime wages under United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs Elvin R. Andino and Ervin I. Cruz are residents of Broward County, Florida, within the jurisdiction of this Court. Plaintiffs are covered employees for purposes of the Act.

3.  Defendant Homeware Design, LLC (from now Homeware Design, or Defendant) is a Florida Limited Liability Company, having a place of business in Broward County, Florida, where Plaintiffs worked for Defendant.

4.  Defendant Homeware Design Homeware Design was the Employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. At all times material, Defendant was and is engaged in interstate commerce.

5.  Individual Defendants Alejandro Fortner, and Juan Pablo Rincon are the owners/partners/and directed operations of Defendant Corporation Homeware Design. These individual Defendants are the Employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6.  All the actions raised in this Complaint occurred in Broward County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

7.  This cause of action is brought by Plaintiffs Elvin R. Andino and Ervin I. Cruz as a collective action to recover from Defendants regular and overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA" or the "Act.") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after January 2023, (the "material time") without being adequately compensated.

8.  Defendant Homeware Design is a construction and remodeling company.

9.  Defendant Homeware Design was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r)(1),(2) (A), and 203(s)(1)(A). Defendant is a construction

company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

10. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs were employed as construction workers. Plaintiffs regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

11. Defendants Homeware Design, Alejandro Fortner,  and Juan Pablo Rincon employed Plaintiffs Elvin R. Andino and Ervin I. Cruz as non-exempted, full-time employees approximately between January 2023 and February 2023.

12. Plaintiffs Elvin R. Andino and Ervin I. Cruz had duties as construction employees. Plaintiffs had a wage rate of $19.00 an hour.

13. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked from Monday to Sunday, from 8:00 AM to  6:00 PM (10 hours daily). Plaintiffs worked a total of 70 hours weekly. Plaintiffs were not able to take bonafide lunchtime.

14. Plaintiffs worked under the supervision of Alejandro Fortner and Juan Pablo Rincon.

15. During their employment with Defendants, Plaintiffs Elvin R. Andino and Ervin I. Cruz were not paid their wages, as required by law.

16. Plaintiffs worked in excess of 40 hours per week, but they were not paid their regular wages and overtime hours.

17. Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about the Plaintiffs' number of working hours for the week.

18. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1). Defendants also failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

19. Plaintiffs were forced to leave their employment because Defendants did pay them their hard-earned wages.

20. At times mentioned, individual Defendants Alejandro Fortner and Juan Pablo Rincon were owners/partners, and directed Homeware Design's operations. Defendants Alejandro Fortner and Juan Pablo Rincon, were the Employers of Plaintiffs and other similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of Homeware Design concerning their employees, including Plaintiffs and others similarly situated. Defendants Alejandro Fortner and Juan Pablo Rincon had financial and operational control of the business and provided Plaintiffs with their work schedule. Accordingly, they are jointly and severally liable for the Plaintiffs' damages.

21. Plaintiffs Elvin R. Andino and Ervin I. Cruz seek to recover unpaid regular and overtime wages accumulated during their relevant time of employment with Defendants, liquidated damages, and any other relief as allowable by law.

22. Plaintiffs are not in possession of time records, but they will provide a good-faith estimate about their unpaid wages based on their best knowledge and recollections.

23. Plaintiffs have retained the law offices of the undersigned Attorney to represent them individually and on behalf of the asserted class in this action, and they are obligated to pay reasonable Attorneys' fees and costs.

Collective Action Allegations

24. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

25. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for regular and overtime hours at the rate of time and one-half their regular rate.

26. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

<strong>COUNT I:<br>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;<br>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</strong>

27. Plaintiffs Elvin R. Andino and Ervin I. Cruz re-adopt every factual allegation stated in paragraphs 1-26 of this Complaint as if set out in full herein.

28. This action is brought by Plaintiffs Elvin R. Andino, Ervin I. Cruz, and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours

above-specified at a rate not less than one and a half times the regular rate at which he is employed."

29. Defendants Homeware Design, Alejandro Fortner, and Juan Pablo Rincon employed Plaintiffs Elvin R. Andino and Ervin I. Cruz as non-exempted, full-time construction employees approximately between January 2023 and February 2023.

30. Plaintiffs had a wage rate of $19.00 an hour.

31. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked from Monday to Sunday, a total of 70 hours weekly. Plaintiffs were not able to take bonafide lunchtime.

32. Plaintiffs worked under the supervision of Alejandro Fortner and Juan Pablo Rincon.

33. Plaintiffs worked in excess of 40 hours per week, but they were not paid for overtime hours, as required by the FLSA.

34. Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about the Plaintiffs' number of working hours for the week.

35. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

36. The records if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees upon information and belief. Therefore, Defendants violated the record-keeping requirements of FLSA, 29 C.F.R. Part 516.

37. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

38. Plaintiffs are not in possession of time records, but they will provide a good-faith estimate about their unpaid overtime hours.

39. Plaintiffs' overtime damages are as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery is taken and records are received.

40. **1.- Plaintiff Elvin R. Andino- O/T for 3 weeks / owed $2,565.00**[1]

Defendants employed Plaintiff Elvin R. Andino from January 23, 2023, to February 12, 2023, or 3 weeks.

Relevant weeks: 3 weeks
Total days worked: 7 days weekly
Total hours worked: 70 hours weekly (10 hours daily)
O/T hours: 30 hours
Regular rate: $19.00 an hour x 1.5=$28.50
O/T rate: $28.50

$28.50 x 30 O/T hours=855.00 wekly x 3 weeks=$2,565.00

41. **2.- Plaintiff Ervin I. Cruz- O/T for 3 weeks/owed $2,565.00**[2]

Defendants employed Plaintiff Ervin I. Cruz from January 16, 2023, to February 06, 2023, or 3 weeks.

Relevant weeks: 3 weeks

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

Total days worked: 7 days weekly
Total hours worked: 70 hours weekly (10 hours daily)
O/T hours: 30 hours
Regular rate: $19.00 an hour x 1.5=$28.50
O/T rate: $28.50

$28.50 x 30 O/T hours=855.00 wekly x 3 weeks=$2,565.00

42. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiffs and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

43. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these overtime wages, as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages.

44. Defendants Homeware Design, Alejandro Fortner, and Juan Pablo Rincon willfully and intentionally refused to pay Plaintiffs overtime wages at the rate of time and one-half their regular rate, as required by the law of the United States, and remain owing Plaintiffs these overtime wages since the commencement of Plaintiff's employment with Defendants.

45. Plaintiffs have retained the law offices of the undersigned Attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Elvin R. Andino, Ervin I. Cruz, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Elvin R. Andino and Ervin I. Cruz, and other similarly

situated individuals and against the Defendants Homeware Design, Alejandro Fortner, and Juan Pablo Rincon based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Elvin R. Andino and Ervin I. Cruz demand a trial by a jury of all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO</u>**
**<u>PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>**

46. Plaintiffs Elvin R. Andino and Ervin I. Cruz re-adopt every factual allegation as stated in paragraphs 1-26 of this Complaint, as if set out in full herein.

47. Plaintiffs bring this action to recover from the Employer Homeware Design unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

48. Defendant Homeware Design was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

49. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—

   (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

   (B) $6.55 an hour, beginning 12 months after that 60th day; and

   (C) $7.25 an hour, beginning 24 months after that 60th day

50. Defendants Homeware Design, Alejandro Fortner, and Juan Pablo Rincon employed Plaintiffs Elvin R. Andino and Ervin I. Cruz as non-exempted, full-time construction employees approximately between January 2023 and February 2023.

51. Plaintiffs had a wage rate of $19.00 an hour.

52. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked from Monday to Sunday, a total of 70 hours weekly. Plaintiffs were not able to take bonafide lunchtime.

53. Plaintiffs worked under the supervision of Alejandro Fortner and Juan Pablo Rincon

54. During their employment with Defendants, Plaintiffs Elvin R. Andino and Ervin I. Cruz were not paid wages for every hour worked, as required by law.

55. On or about February 2023,  Plaintiffs were forced to leave their employment because they were not paid regular wages for three consecutive weeks

56. Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about the Plaintiffs' number of working hours for the week.

57. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1).

58. There is a substantial number of working hours that were not paid to Plaintiffs at any rate, not even at the minimum wage rate, as required by law.

59. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

60. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

61. Before the completion of discovery, and to the best of Plaintiffs' knowledge, at the time of the filing of this Complaint, Plaintiffs' good-faith estimate of unpaid wages is as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery is taken and records are received.
* Florida's minimum wage for 2023 is $11.00, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

62. **1.- Plaintiff Elvin R. Andino-Min. wage, 3 weeks/ owed $1,320.00[3]**

Defendants employed Plaintiff Elvin R. Andino from January 23, 2023, to February 12, 2023, or 3 weeks.

Relevant weeks: 3 weeks
Wage rate: $19.00

---

[3] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

Total days worked: 7 days weekly
Total hours worked: 70 hours weekly
Paid weekly: $0.00
Florida Minimum wage 2023: $11.00 an hour

$11.00 x 40 hours=$440.00 x 3 weeks=$1,320.00

63. **2.- Plaintiff Ervin I. Cruz- Min. wage 17 weeks, owed $1,320.00[4]**

Defendants employed Plaintiff Ervin I. Cruz from January 16, 2023, to February 06, 2023, or 3 weeks.

Relevant weeks: 3 weeks
Wage rate: $19.00
Total days worked: 7 days weekly
Total hours worked: 70 hours weekly
Paid weekly: $0.00
Florida Minimum wage 2023: $11.00 an hour

$11.00 x 40 hours=$440.00 x 3 weeks=$1,320.00

64. Defendants Homeware Design, Alejandro Fortner, and Juan Pablo Rincon unlawfully failed to pay Plaintiffs Elvin R. Andino and Ervin I. Cruz minimum wages.

65. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these minimum wages since the commencement of Plaintiffs and those similarly situated employee's employment with Defendants as set forth above. Plaintiffs and those similarly situated are entitled to recover double damages.

66. Defendants Homeware Design, Alejandro Fortner, and Juan Pablo Rincon willfully and intentionally refused to pay Plaintiffs minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs these minimum wages.

---

[4] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

67. Plaintiffs Elvin R. Andino and Ervin I. Cruz have retained the law offices of the undersigned

Attorney to represent them in this action and are obligated to pay reasonable Attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Elvin R. Andino, Ervin I. Cruz, and those similarly situated respectfully

request that this Honorable Court:

    A. Enter judgment for Plaintiffs Elvin R. Andino and Ervin I. Cruz and against the

        Defendants Homeware Design, Alejandro Fortner,  and Juan Pablo Rincon  based on

        Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and

        other Federal Regulations; and

    B.  Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum

        wages, with interest; and

    C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

    D. Award Plaintiffs reasonable Attorney's fees and costs of suit; and

    E. Grant such other and further relief as this Court deems equitable and just and/or available

        pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Elvin R. Andino, Ervin I. Cruz, and those similarly situated demand trial by a jury of all

issues triable as a right by a jury.

Dated: March 31, 2023

                                   Respectfully submitted,

                                   By: **/s/ Zandro E. Palma**
                                 ZANDRO E. PALMA, P.A.
                                 Florida Bar No.: 0024031
                                 9100 S. Dadeland Blvd.
                                 Suite 1500
                                 Miami, FL 33156

Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*