UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60634-VALLE

<u>CONSENT CASE</u>

ELVIN R. ANDINO,
*and other similarly situated individuals*,

    Plaintiffs,

v.

HOMEWARE DESIGN, LLC, *et al.*,

    Defendants.
_____/

**ORDER APPROVING SETTLEMENT AGREEMENT
AND DISMISSING CASE WITH PREJUDICE**

THIS MATTER is before the Court upon the Joint Motion for Approval of the Parties' Settlement and for Dismissal with Prejudice (ECF No. 35) (the "Motion"). Pursuant to the parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment. *See* (ECF Nos. 32, 33).

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the statutory overtime and minimum wage provisions. *See generally* (ECF No. 1); *see also* 29 U.S.C. § 201 et seq. On September 12, 2023, the parties settled the case before the undersigned. *See* (ECF No. 31).

Before a court may approve a settlement of FLSA claims, the court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1233 (M.D. Fla. 2010). In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

Here, the parties announced the terms of the settlement on the record (the "Settlement Agreement"). The Court has scrutinized the terms of the Settlement Agreement and considered the above factors, the overall strengths and weaknesses of the parties' respective positions, and the parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation. The Court also considered that Plaintiff's claims were disputed as to liability and amount and that both parties were represented by counsel. Lastly, the Settlement Agreement specifies the portion of the settlement amount to be paid to Plaintiff and the amounts designated for attorney's fees and costs. Accordingly, the Court finds that the Settlement Agreement is a fair and reasonable resolution of a *bona fide* FLSA dispute.

The Court has also reviewed "the reasonableness of [Plaintiff's] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Having done so, the Court found that the amount of the settlement proceeds attributable to Plaintiff's counsel's legal fees was reasonable.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. the Joint Motion for Approval of the Parties' Settlement and for Dismissal with Prejudice (ECF No. 35) is **GRANTED**, and the Settlement Agreement is **APPROVED**;

2. this case is **DISMISSED WITH PREJUDICE**; and

3. the Court retains jurisdiction for 30 days from the date of this Order to enforce the Settlement Agreement.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida on November 7, 2023.

*/s/ Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record